# Hezekiah Musgrave, plaintiff in error, *vs.* John W. Brady, et al., defendants in error.

### *Error to Muscatine.*

A case must be tried upon the record alone. The Supreme Court will not regard affidavits made for the purpose of changing or explaining the record ; nor an independent certificate of the clerk stating facts not apparent in the record.

He who would avail himself of the violent remedy of attachment must keep close to the statute.

Where an attachment bond and the declaration set out the plaintiffs name as *Henry* and the writ of attachment run in the name of *Hezekiah* Musgrave, it was properly quashed.

This was action of assumpsit brought by the plaintiff against the defendants in error accompanied by a writ of attachment. The attachment bond and the declaration were in the name of Henry Musgrave, and the suit was commenced and the summons issued in the true name of the plaintiff.

The defendants moved to quash the attachment for the following reasons :

1. The causes for the attachment set out in the affidavit were in the alternative.

2. The sheriff did not attach the property in presence of two citizens of the territory possessing the qualification of jurors.

3. The sheriff did not make an inventory and appraisment according to law.

4. Because all the proceedings in the attachment were irregular and illegal.

5. Because there had been no declaration filed within ten days after the writ of attachment was issued.

The plaintiff had leave to amend his declaration.

The defendants craved oyer of the writ and filed a plea in abatement of the writ and declaration, because the writ commanded them to answer unto Hezekiah Musgrave and that the declaration was throughout in the name of Henry Musgrave.

The plaintiff filed an affidavit of his meritorious cause of action, and that the amount which appeared upon the papers was due in good faith, and that the attachment was commenced simultaneous with the sum-

mons, and that he believed the defendants were on the verge of insolvency, &c.

An affidavit of the plaintiffs counsel was also filed, that he knew the plaintiff equally well by the name of " H. Musgrave" and " Henry Musgrave" and that he generally had seen his name written " H. Musgrave." That he drew up all the papers in the name of Henry Musgrave, and that all the papers wherein the name of Musgrave occurred, by whatsoever christian name, were intended for the same suit, &c., &c.

The attachment was dismissed, and the court adjudged that no declaration had been filed within ten days from the time of issuing the attachment.

The case was submitted to a jury at December term 1842 and a verdict and judgment had for the plaintiff for the sum of $355,90 and costs.

The said Hezekiah Musgrave sued out a writ of error to reverse the ruling of the court below, and has assigned for error:

1. The court decided that there was no declaration filed in this case within ten days next after issuing the writ of attachment, and that for this reason the attachment should be quashed; when in truth a declaration in the case had been filed within ten days next after the issuing of the writ of attachment; therefore in this there is error.

WHICHER, for plaintiff in error, suggested a diminution of the record, as to the amendment of the declaration, which diminution was confessed by Hastings, for defendants.

A certiorari was issued to the clerk of the court below, to send up a more complete record; and instead of a complete and entire record being sent up, the clerk certified under the seal of the court as to the amendments, &c.

PER CURIAM, MASON, CHIEF JUSTICE.—This case must be tried upon the record and upon that alone. We cannot therefore pay any regard to the affidavits made for the purpose of changing or explaining the record as set forth in the transcript. Nor can the certificate of the clerk be of any avail. When he sends up a transcript of the record, his certificate to the same is sufficient evidence to serve as a basis for the action of this court. But an independant certificate of his is of no higher authority than that of any other individual. If there had been an error in the transcript in the first instance, measures should have been taken to procure an amended copy thereof, but evidence in the form of a certificate given by the clerk stating facts not apparent upon

58

the record, or even stating what the record should have been without giving a true copy thereof, cannot be considered and acted upon by this court.

In the present case, the suit is commenced and the summons issued in the name of Hezakiah Musgrave. The attachment bond and the declaration are in the name of Henry Musgrave. The statute requires a declaration in cases like this to be filed ten days before the return day of the writ. The court below decided that a declaration in the name of Henry Musgrave in this case was not a compliance with the above requirement of the statute, and therefore quashed the writ of attachment. But inasmuch as this writ by our statute is a mere auxiliary process, the plaintiff was permitted to amend his declaration and procede in the same way as though no writ of attachment had been issued.

We think this ruling of the court was correct. He who would avail himself of the violent remedy of attachment must keep close to the statute. The writ issued in the name of Hezakiah Musgrave, and ten days before the return day thereof a declaration should have been filed in the same name. The quashing of the writ of attachment being the only error complained of in this case, the judgment of the court below will be affirmed.